Eastern District of Kentucky
**FILED**

MAY 16 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL ACTION NO.: 05-36-JGW

**TERRY ROSE,**             **PLAINTIFF**

**V.**

**COMMUNITY SERVICES PROJECT, INC.,**        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Terry Rose, through counsel, initiated this action in Boone Circuit Court in Boone County, Kentucky. Plaintiff's complaint alleged that his former employer, defendant Community Services Project, Inc. ("CSP"), terminated plaintiff's employment in violation of state and federal employment discrimination laws. The defendant removed the case to this court on the basis of this court's original jurisdiction under the Americans with Disabilities Act ("ADA"); the district court denied plaintiff's subsequent motion to remand back to state court.

Plaintiff alleges counts of disability discrimination in violation of KRS 207.150 (Count I), fraud under state law (Count II), negligent supervision (Count III), negligent retention (Count IV), vicarious liability (Count V), intentional infliction of emotional distress (Count VI), violation of the ADA (Count VII), witness intimidation in violation of KRS 524.040 (Count VIII), and slander per se (Count IX). Plaintiff's complaint seeks compensatory and punitive damages, as well as reinstatement to his previous position, costs, attorney's fees, and interest.

The defendant has filed a motion for partial judgment on the pleadings as to Counts I, II, III, IV, V and VI, pursuant to Rule 12(b)(6) and 12(c), Fed. R. Civ. P. The defendant does not seek dismissal of plaintiff's ADA, witness intimidation, or slander claims. Plaintiff opposes defendant's

motion, but for the reasons explained herein, it will be granted as to the claims specified.[1]

I. Facts

Defendant is a private, not-for-profit corporation that entered into a contract with the Commonwealth of Kentucky in 2004 to provide custodial and grounds maintenance services at the Rest Area and Welcome Center facilities on North and South-bound I-75 in Boone County, Kentucky. Plaintiff alleges that the terms of the contract required CSP to hire disabled persons to make up 75% of the employees at those work sites. On October 1, 2004, CSP hired plaintiff Rose, who alleges that he has a mental handicap, for the position of rest stop attendant. Plaintiff was an hourly employee with an initial hourly wage of $7.25.

After approximately two and one half months of employment, plaintiff was terminated. Defendant alleges that plaintiff was terminated for "multiple disciplinary infractions," including a final infraction wherein plaintiff was alleged to have been publicly disrespectful and insubordinate toward his supervisor. Plaintiff argues that there was no just cause for his termination. The parties agree that plaintiff's employment was terminated on December 13, 2004.

II. Analysis

A. Applicable Standards

Defendants' motion to dismiss cites both Rule 12(b)(6) and Rule 12(c), Fed. R. Civ. P. Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Under the rule, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt

---

[1]The parties have consented to disposition by the magistrate judge pursuant to 28 U.S.C. §636(c).

2

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). Thus, a complaint will be dismissed "if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief." *S&M Brands, Inc. v. Summers*, 393 F. Supp.2d 604, 611 (M.D. Tenn. 2005) *citing Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). When reviewing a complaint under Rule 12(b)(6), a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "A district court need not, however, accept as true legal conclusions or unwarranted factual inferences." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)(citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

The standard applicable to motions for judgment on the pleadings pursuant to Rule 12(c) is virtually identical to the standard employed under Rule 12(b)(6). *Id.* at 689 (*citing EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). As under Rule 12(b)(6), a district court reviewing a complaint under Rule 12(c) "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id.; Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001)(additional citations omitted).

As a general rule, when considering a motion to dismiss under either Rule 12(b)(6) or Rule 12(c), "[m]atters outside the pleadings are not to be considered." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Although the provisions of Rule 12 must be read in conjunction with the

3

"notice pleading" standard of Rule 8(a), "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)(citations omitted). "In practice, a ...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original, quotes omitted). A plaintiff cannot rely upon a memorandum in opposition to a motion to dismiss in order to cure deficiencies in his complaint. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2nd Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999). In this case, the plaintiff has not moved to amend his complaint.

### B. Count I - KRS 207.150

Count I of the complaint alleges that the defendant has discriminated against plaintiff in violation of Kentucky's Equal Opportunities Act, specifically KRS §207.150. Plaintiff alleges that defendant violated the state statute by creating a work environment which was made hostile when plaintiff's supervisor "made fun of Plaintiff's mental handicap," refused "to provide reasonable accommodation," and terminated plaintiff "because of his mental handicap." Complaint, ¶¶22-24. Plaintiff further alleges that he and other handicapped employees were discriminated against when they were "not given breaks and were not provided a hot meal, paid during their lunch time, or allowed to leave a job site during lunch." *Id. at* ¶25. Plaintiff alleges that if he and other employees left work for a lunch break, they were given written warnings in violation of "standardized labor law," and that employees were wrongfully threatened with fines for uniform violations. *Id.*

KRS §207.150 prohibits employment discrimination "against any individual with a disability...because of the person's *physical disability*." (Emphasis added). "Physical handicap" is

4

defined as "the physical condition of a person whether congenital or acquired, which constitutes a substantial disability to that person and is demonstrable by medically accepted clinical or laboratory diagnostic techniques." In this case, the plaintiff fails to allege any physical disability; rather, he alleges only that he suffers from a "mental handicap."

The function of this court is to interpret law, not to create it. Unfortunately for plaintiff, the clear language of the statute at issue protects only discrimination against physical disability, and not against any "recognized mental disability" alleged by plaintiff. As stated by the Kentucky Court of Appeals, previously addressing the same issue:

> While there are no reported Kentucky decisions interpreting the statutory language of KRS 207.130 et seq., the Act appears clear on its face to address only physically handicapped individuals. Plaintiff's physical problems with regard to coordination, vision and varicose veins do not render him physically handicapped for purposed of the Act. While the court recognizes that a person may be mentally impaired to such a degree as to render him physically handicapped, Plaintiff's mental condition does not constitute a substantial disability within the meaning of KRS 207.130.

*Whitlow v. Kentucky Manufacturing Co.*, 762 S.W.2d 808, 809 (Ky. Ct. App. 1989); *see also Reid v. Contel Cellular of Louisville, Inc.*, 96 F.3d 1448, 1996 WL 506372, *2 (6th Cir. 1996)(unpublished, text available on Westlaw, holding that federal court cannot supplant the language of KRS 207.130(2) with that of the ADA because the two do not similarly define disability).

Defendant raised the same argument - that plaintiff does not fall within the definition of a disabled employee under KRS 207.150 - in response to plaintiff's motion to remand this case to state court. In a reply memorandum filed on March 4, 2005, plaintiff previously argued that "[a] clear reading of the entire Statute should reflect that the ...intent is not only to protect physically handicap [sic] from employment discrimination, but mentally handicap [sic] as well." Abandoning this earlier

5

argument in the face of contrary case law, plaintiff now argues that he "suffers from such a severe mental disability that his physical actions are indeed limited as a result." According to plaintiff, future discovery "will serve to bring to light how truly severe Plaintiff's disabilities are." However, plaintiff makes no allegation *at all* in his complaint that he suffers from a physical impairment as a result of his mental disability. Plaintiff cannot avoid judgment on the pleadings under Rule 12(c) by belatedly alleging in a responsive memorandum that future discovery is sure to reveal support for an allegation which is wholly absent from his complaint. Rule 12(c) requires this court to look solely at the allegations of the complaint.[2] Under the relevant standard of review, Count I must be dismissed.

Plaintiff also fails to allege that he provided notice to the commissioner of workplace standards of his complaint at least thirty days prior to filing it. As an alternative basis for dismissal, defendant argues that such notice is a prerequisite to suit under KRS §207.230(2)(a). However, two courts have held that the referenced section does not *require* notice to the commissioner as a prerequisite to suit, but only precludes the filing of suit within thirty days *if* notice is given. *See Day v. Alcan Aluminum Corp.*, 675 F. Supp. 1508 (W.D. Ky. 1987); *Hardaway Mgmt. Co. v. Southerland*, 977 S.W.2d 910, 914 (Ky. 1998). Therefore, judgment on plaintiff's failure to allege that he first provided notice to the commissioner is not appropriate.

---

[2] With respect to plaintiff's new argument that his mental disability actually causes physical limitations, defendant counters that Rose admitted in his deposition - taken more than ten days prior to the filing of his responsive memorandum- that he is not so severely mentally disabled. However, neither plaintiff nor defendant has provided the court with any portion of the deposition transcript. At this juncture, defendant's motion is one for judgment based on the insufficiency of the complaint and not one for summary judgment which would allow the court to consider matters outside the pleadings. *See Wright v. Ernst & Young LLP*, 152 F.3d at 178 (2nd Cir. 1998)("a party is not entitled to amend its complaint through statements made in motion papers").

### C. Fraud Claim - Count II

Although "notice pleading" is generally sufficient, *see* Rule 8, Fed. R. Civ. P., a count for fraud must at a minimum "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)(internal quotations and citation omitted). Nonspecific allegations of fraud are inadequate to plead a cause of action. *Pendleton Bros. Vending, Inc. v. Commonwealth*, 758 S.W.2d 24, 28 (Ky. 1988).

In this case, the complaint contains no allegation that defendant made any material representation *to the plaintiff*, that any representation to the plaintiff was false, or that plaintiff detrimentally relied on any alleged material misrepresentation. Rather, the complaint alleges that the "fraud" was propounded on the Kentucky Department of Transportation when the defendant "fraudulently count[ed] non-disabled employees as disabled" in order to satisfy its contractual obligations.

> Defendant has a Contract with the Kentucky Department of Transportation to perform State services on behalf of the State. As part of that State Contract, 75% of employees hired by Defendant must have a physical or mental handicap. Defendant, via Sherry Conner, instructed Willard Burkhart to not provide handicap assistance to any former BAWAC employees like the Plaintiff, and to fraudulently count non-disabled employees as disabled in order to meet State employment contract requirements. Plaintiff relied upon Defendant's false representation of working with handicap [sic] individuals and instead was discriminated against by his new employer. Defendant knew that it never intended to allow Plaintiff to work because of his disability and made up three different reasons as to why Plaintiff was fired in a fraudulent attempt to avoid a claim for wrongful termination.

Complaint ¶¶28-33.

The only "misrepresentations" which concern the plaintiff were the three allegedly "made up"

reasons for plaintiff's termination. However, the Complaint fails to allege that any of these unspecified but allegedly false reasons for termination were made to the plaintiff, or that plaintiff relied on them in any manner to his detriment.

In his response in opposition to defendant's motion to dismiss his claim, plaintiff argues for the first time that he relied to his detriment on "assurances ...given to Plaintiff that he was secure in his employment due to the 75 percent level of disabled workers that Defendant must keep employed." Construing plaintiff's argument liberally, he apparently bases his fraud claim on an allegation that he relied to his detriment on false promises of "secure" employment, when in fact he was terminated. The difficulty with plaintiff's argument is that nowhere has he alleged *in his complaint* either a misrepresentation made to him or detrimental reliance on that misrepresentation, and this court is limited to review of the complaint. In any event, even the allegations newly raised in his memorandum fall short of the mark, as plaintiff fails to explain: 1) what action he took in reliance on the alleged representation that his employment was "secure" due to the defendant's contractual obligations to maintain a certain percentage of disabled workers; 2) who made the alleged misrepresentation; or 3) when and where the alleged misrepresentation was made. Therefore, plaintiff's claim for fraud is subject to dismissal.

### D. Negligent Supervision and Negligent Retention- Counts III and IV

To state a cause of action for either negligent retention or negligent supervision under Kentucky law, a plaintiff must allege that "the employer knew or reasonably should have known that the employee was unfit for the job for which he was employed," and that "the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000). In this case, plaintiff alleges that the defendant "had a duty to exercise ordinary care in

8

supervising personnel in their administration of Defendant's business." Complaint ¶36. Plaintiff alleges that the defendant breached this duty "by failing to supervise its employees despite having actual or constructive knowledge of Plaintiff's unlawful termination. . .." *Id.* at ¶37.

Plaintiff's allegations fail to state a claim because the Kentucky's Worker's Compensation "statute and Kentucky case law...make it clear that the Workers' Compensation Act provides the exclusive remedy where a covered employee is injured by her employer's negligent actions." *Grego v. Meijer, Inc.*, 239 F. Supp.2d 676, 683 (W.D. Ky. 2002); *Bischoff v. Sears, Roebuck & Co.*, 861 F.2d 719 (6th Cir. 1988)(unpublished, text available on Westlaw)("This statute makes it clear that the work's compensation act provides the exclusive remedy for Ms. Diamond's death even if Kentucky does recognize the tort of negligent hiring and retention and even if Bischoff can prove that Sears was negligent in its hiring and retention of Mr. Harris [plaintiff's co-worker and murderer]"). "[T]he exclusivity provision of Kentucky Worker's Compensation Act bars negligent supervision claims between an employer and employee." *Grego*, 239 F. Supp.2d at 683.

Plaintiff argues that because he has not alleged a workers' compensation claim, the cited cases are inapposite. However, the cases cited above did *not* involve concurrent claims for workers' compensation benefits; therefore, the case law is not distinguishable. Accordingly, plaintiff's claims for negligent hiring and retention are statutorily barred by the exclusivity provisions of the Kentucky's Worker's Compensation Act.

Alternatively, plaintiff's claims are subject to dismissal based upon his failure to allege key elements. For instance, plaintiff has failed to allege that any particular supervisor was unfit for his or her job. Plaintiff argues that he was subjected "to verbal abuse and ridicule" from one unnamed

9

supervisor. Paragraphs 11 and 12 of the complaint state:

> ...Plaintiff was having problems with a supervisor who verbally abused him and other workers at the job site. On or about December 15, 2004, Plaintiff had an argument with his Supervisor after she embarrassed Plaintiff and made fun of his handicap in front of other employees and a contract vendor.

Plaintiff incorrectly asserts that: "For Defendant to hire someone who takes an opportunity to publicly humiliate a disabled worker is prima facie evidence" of his claims. To the contrary, the fact that an employer hires an employee who publicly humiliates a disabled worker does *not* state a claim for negligent hiring or retention, absent additional allegations that the employer "knew or reasonably should have known that the employee was unfit for the job for which he was employed" and/or that the employer knew that the employee's retention created an unreasonable risk of harm to the plaintiff.

Allegations in ¶¶37 and 38 of the complaint add little to plaintiff's claims of negligent hiring and/or negligent retention.

> That Defendant breached its duty by failing to supervise its employees despite having actual and/or constructive knowledge of Plaintiff's unlawful termination and endorsed said conduct by its own actions and instructions to Supervisors. That Defendant failed to carry out this duty and even approved said termination of Plaintiff.

This court need not accept, in the absence of any factual allegations in support, bare legal assertions that a corporate defendant had a duty to supervise its employees and failed to satisfy that duty. *See Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003). Alleging that the Defendant failed to act *after* learning of plaintiff's "unlawful termination" cannot support a negligent hiring or retention claim, absent an allegation that the defendant was aware that the employee was unfit for the job and/or that the employee was likely to harm the plaintiff. In light of the absence of allegations which would support the key elements of such claims, plaintiff's claims for negligent hiring and for negligent retention must be

dismissed. *See, e.g., James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir. 2002).

### E. Vicarious Liability - Count V

Plaintiff alleges in Count V that "Defendants' employees were acting within the scope of their employment and said decisions affecting Plaintiff were made by Executive and Upper management of Defendant, or employees who had Defendant's authority to terminate an employee's job." The claim is labeled "Vicarious Liability." Vicarious liability is a legal theory used to impute tort liability to third parties and is not an independent cause of action. As defendant notes, if viewed as a separate "claim," Count V contains no allegation of injury or claim for damages. To the extent that plaintiff is attempting to assert a separate cause of action against the defendant based upon the actions of defendant's employees, the claim should be dismissed. *See Patterson v. Blair*, 172 S.W.3d 361, 363 (Ky. 2005).

Defendant argues that plaintiff's allegations are too vague to support even the legal theory of recovery of vicarious liability against the defendant, and/or that the theory is subsumed by plaintiff's claim under the ADA. The case cited by defendant for the latter principle, however, refers to Title VII as providing the "sole *federal* remedy" for a violation of an employee's rights under Title VII. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 795 (6th Cir. 2000)(emphasis added). To the extent that plaintiff is simply using the label "vicarious liability" to assert a legal theory for defendant's liability for the state law claims of witness intimidation and slander per se, plaintiff's theory of recovery is not subject to dismissal at this time. *But see Booker v. GTE.Net LLC,* 350 F.3d 515 (dismissing vicarious liability claim where employee's act was not in furtherance of employer's business).

11

### F. Intentional Infliction of Emotional Distress - Count VI

Count VI attempts to state a claim for "intentional infliction of emotional distress" or "IIED." Under Kentucky law, recovery for the intentional infliction of emotional distress is available in cases where existing causes of action are insufficient to encompass the conduct alleged. That is not the case here, where the plaintiff has alleged claims under the Kentucky Civil Rights Act, the ADA, and a host of other theories. *Compare Messick v. Toyota Motor Manufacturing, Kentucky, Inc.*, 45 F. Supp.2d 578, 582 (E.D. Ky. 1999)(claim dismissed where damages for emotional distress were available through Kentucky Civil Rights Act, and the alleged conduct was not intended only to cause extreme emotional distress); *Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. Ct. App. 2001); *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. Ct. App. 1993). Moreover, plaintiff alleges that the defendant's actions against him were taken "for financial reasons," which allegation is incompatible with any contention that the defendant's actions were taken *solely* for the purpose of causing emotional distress. *See Messick v. Toyota Motor Manufacturing, Kentucky, Inc.*, 45 F. Supp.2d at 582. As plaintiff's emotional distress claim is preempted by his ability to recover under other theories, his IIED claim is subject to dismissal under Kentucky law. Plaintiff's claim is also subject to dismissal because of his failure to allege that defendant's actions were taken solely with the intention to cause plaintiff emotional distress.

Plaintiff's IIED claim is alternatively subject to dismissal because his allegations are insufficient to show the key elements of such a claim under Kentucky law. Plaintiff argues that the fact that he and other employees "were not allowed to take breaks, leave the grounds for lunch, or allowed opportunities to have a hot meal for lunch," together with the fact that employees "were threatened with

12

fines for not having bought and produced a uniform that Defendant was required to provide," qualifies as "extreme and outrageous conduct" sufficient to satisfy the Kentucky standard. In addition, plaintiff contends that it was "outrageous" for him to have been "publicly humiliated by a superior for being disabled."

"An action for outrage will not lie for 'petty insults, unkind words and minor indignities'; the action only lies for conduct which is truly 'outrageous and intolerable.'" *Banks v. Fritsch,* 39 S.W.3d at 480 (footnote and citation omitted). In employment cases, "[m]ere termination clearly does not rise to the level of outrageous conduct required to support an IIED claim." *Benningfield v. Pettit Environmental, Inc.,* 183 S.W.3d 567, 571 (Ky. Ct. App. 2005); *see also Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 376 (6th Cir. 1999). Plaintiff's perception of what is extreme and outrageous notwithstanding, his allegations fall short of the very high standard necessary to state a claim under Kentucky law. *See, e.g., Humana of Kentucky, Inc. v.* Seitz, 796 S.W.2d 1, 3 (Ky. 1990)(conduct of nurse, who told a patient who had delivered a still-born child to "shut up" because she was bothering other patients, and that the child would be "disposed of" in the hospital, not sufficient to meet "outrageous" threshold); *see also Stringer v. Wal-Mart Stores, Inc.* 151 S.W.3d 781, 790-791 (Ky. 2004)(summarizing Kentucky cases which did not satisfy the "outrageous" standard).

Plaintiff also has failed to allege that he suffered from *severe* emotional distress. To meet the standard, "the injured party must suffer distress that is 'substantially more than mere sorrow.'" *Bennington,* 183 S.W.3d at 572 (*citing Gilbert v. Barkes,* 987 S.W.2d 772, 777 (Ky. 1999)). "[M]ere embarrassment does not rise to the level required to meet the ...standard." *Id.* As the allegations in plaintiff's Complaint are wholly insufficient to state a claim for intentional infliction of

13

emotional distress under Kentucky law, plaintiff's claim must be dismissed.

### III. Conclusion and Order

For the reasons stated herein, **IT IS ORDERED THAT:**

1. Defendant's amended motion for partial dismissal of the claims brought against it [DE 12] is **granted** in part, as fully explained herein;

2. Counts I, II, III, IV, V, and VI of plaintiff's complaint are **dismissed.**

3. The parties shall proceed with discovery on Counts VII, VIII, IX and X of plaintiff's complaint.

4. Defendant's initial motion for partial judgment on the pleadings [DE #11] is **denied as moot;**

5. The parties shall file a joint status report within twenty (20) days of the date of this order, proposing new pretrial deadlines if necessary. If the parties desire a court-facilitated settlement conference, their report shall include a list of no fewer than three mutually agreeable dates on which to convene such a conference.

This the 16th day of May, 2006.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge

14